The Corporation Commission of North Carolina, through the Attorney-General, instituted an action in the Superior Court to restrain the defendant from operating motor vehicles from Dillsboro to Franklin, and from Franklin to Dillsboro, over and along State Highway No. 285 for the transportation of passengers and property for compensation without obtaining a franchise certificate as provided by section 2613(1), Michie's Code of 1931. The evidence tended to show that the defendant has a contract to carry United States mail from Franklin to Sylva, North Carolina, and that he is engaged in the business of carrying passengers for hire on the mail car as a business between said towns, maintaining an approximate schedule of trips.
At the hearing the following judgment was entered:
"That after hearing the pleadings read, the evidence and argument of counsel, and duly considering the same, the court is of opinion and finds that there is no valid outstanding franchise for the transportation of passengers by motor vehicle for compensation over highway number . . . between Franklin and Dillsboro, and, therefore, said highway is open to persons carrying on the business of transporting persons for compensation by motor vehicle under the provisions of the Revenue Act levying license taxes therefor. *Page 560 
"That the business conducted and the services rendered by the respondent does not fall within the terms of the statute (sections 2 and 3, chapter 136, Public Laws, 1927, sections 2613(k) and 2613(1), Michie's Code, 1931), requiring certain persons engaged in the transportation of persons and property for compensation over public highways by motor vehicle to apply for and obtain permission so to do from the Corporation Commission of North Carolina.
"That the business carried on by the respondent is excepted from the above mentioned statutes and is governed by the terms of section 165, chapter 427, Public Laws, 1931, section 7880(96), Michie's Code, 1931.
"That the respondent has paid to the Revenue Department of the State of North Carolina the license taxes required of him under the last mentioned statute for the calendar year 1933, and has received from the Commissioner of Revenue `for hire' license tags for the privilege of engaging in the business carried on by him.
"It is, therefore, on motion of attorneys for respondent, ordered, adjudged and decreed that the rule to show cause be vacated and discharged.
"It is further ordered and adjudged that the complainant pay the costs to be taxed by the clerk of this court."
From the foregoing judgment the plaintiff appealed.
This case involves the same questions of law heretofore presented and decided in Winborne, Utilities Comr., v. Mackey, ante, 554, and Winborne,Utilities Comr., v. Browning, ante, 557. Consequently, upon authority of said cases the judgment is
Reversed.